IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RYAN ANTHONY SAVINELL                                    PLAINTIFF

v.                                    Civil Action No. 1:14-cv-341-HSO-JCG

HUBERT DAVIS et al.                                       DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* for recommendation of dismissal. When Plaintiff filed this 42 U.S.C. § 1983 suit on September 4, 2014, he represented that he was a prisoner incarcerated at the South Mississippi Correctional Institute in Leakesville, Mississippi ("SMCI").

On October 6, 2015, an Order Setting Omnibus Hearing [25] and Notice of Hearing issued. The Order Setting Omnibus Hearing and Notice of Hearing were mailed to Plaintiff by the Clerk of Court via certified mail to Plaintiff's address of record at SMCI. The certified mail was returned to the Clerk of Court as "Not here Refused," unclaimed, and unable to forward. Returned Mail [30].

On November 10, 2015, an omnibus hearing was held. Plaintiff failed to appear. A Show Cause Order issued, requiring Plaintiff to file a response in writing on or before November 24, 2015, showing cause why his failure to appear at the omnibus hearing and to abide by the Court's numerous Orders requiring him to keep the Court apprised of his current address should not result in dismissal of this suit for failure to prosecute. The Show Cause Order was mailed to Plaintiff at his address of record at SMCI via certified mail. Plaintiff has not filed a response to the Show Cause Order.

Plaintiff has been repeatedly warned that his failure to keep the Court apprised of his current address could result in dismissal of this case.  The Court's Order of September 4, 2014, warned Plaintiff that his "failure to advise this court of a change of address will be deemed as purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed sua sponte, without prejudice, without further written notice."  Order [3] at p. 2.  A second Order issued on September 4, 2014, warned Plaintiff that "failure to advise this court of a change of address . . . will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case."  Order [4] at p. 2.

An Order issued October 10, 2014, warned Plaintiff that "[f]ailure to advise the Court of a change of address . . . will be deemed as a purposeful delay and a contumacious act by the Plaintiff and may result in the dismissal of this case."  Order [9] at p. 2.  The Court's Order of November 17, 2014, warned Plaintiff that it was his responsibility to prosecute this case, and "[f]ailure to advise the Court of a change of address . . . will be deemed purposeful delay and a contumacious act by Savinell that may result in dismissal of this case."  Order [12] at p. 3.

The Court has authority to dismiss an action for a plaintiff's failure to prosecute, both pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action *sua sponte*.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary

-2-

in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Id.* at 629-30.

It is the opinion of the undersigned that this case be dismissed for Plaintiff's failure to obey Orders of the Court and failure to prosecute.

### **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Judge need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.  *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 25th day of November, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE
